**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District Southern District of New York |
|---|---|
| Name: SAMARTH AGRAWAL | Docket or Case No.: 10 Cr. 417 (JSR) |
| Place of Confinement: RELEASED | Prisoner No.: |
| UNITED STATES OF AMERICA v. | Movant (include name under which convicted) SAMARTH AGRAWAL |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

   (b) Criminal docket or case number (if you know): 1:10CR0417-01(JSR)

2. (a) Date of the judgment of conviction (if you know): 11/19/2010

   (b) Date of sentencing: 02/28/2011

3. Length of sentence: 36 MONTHS

4. Nature of crime (all counts): _____
   COUNT 1: 18 U.S.C. (a)(2) AND (a)(4)    THEFT OF TRADE SECRETS
   COUNT 2: 18 U.S.C. 2314    TRANSPORTATION OF STOLEN PROPERTY IN INTERSTATE AND FOREIGN COMMERCE

5. (a) What was your plea? (Check one)
   (1) Not guilty [X]    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [X]   Judge only ☐

7. Did you testify at a pretrial hearing, trial or post-trial hearing?   Yes [X]   No ☐

SDNY PRO SE OFFICE
RECEIVED

8. Did you appeal from the judgment of conviction?   Yes ☒XXXXX   No ☐

9. If you did appeal, answer the following:

    (a) Name of court: UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

    (b) Docket or case number (if you know): 11-1074-CR

    (c) Result: AFFIRMED (Judge Pooler concurs in part and dissents in part in a separate opinion)

    (d) Date of result (if you know): 08/01/2013   (Argued: 06/21/2012, Decided: 08/01/2013)

    (e) Citation to the case (if you know): United States v. Agrawal, 726 F.3d 235 (2d. Cir. 2013)

    (f) Grounds raised: 1. The instruction on Count One was not accurate or Complete as to the Elements of 18 U.S.C. § 1832. (a. The instruction permitted a conviction for conduct committed without the requisite intent). (b. The Court failed to instruct the Jury that knowledge was an element of the crime). 2. The instruction on Count Two was not accurate or complete as to the Elements of 18 U.S.C. § 2314. (a. Instruction relieved the government of any burden of proof on whether the code was 'goods wares or merchandise) 3. The trading system is not a "product that is produced for or placed in" interstate commerce. 4. There is no way to conclude that the EEA conviction is not based on the Theory Rejected in Aleynikov

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒X   No ☐

    If "Yes," answer the following:

        (1) Docket or case number (if you know): 13-8527

        (2) Result: Petition DENIED

        (3) Date of result (if you know): 03/10/2014

        (4) Citation to the case (if you know): 

        (5) Grounds raised: ( I ) The Second Circuit's Interpretation of §1832 cannot be reconciled with Supreme Court's precedent, basic principles of Statutory Construction, or the Doctorine of Stare Decisis. The Second Circuit's decision improperly rested on a theory not presented at trial and it misconstrued the Statute's Jurisdictional Requirements. ( II ) The Supreme Court should grant review to address the meaning and enforcement of 18 U.S.C. §2314. ( III ) Second Circuit's conclusion that neither conviction may be based on an invalid theory is wrong. (IV) The National Stolen Property Act's (NSPA) terms "Goods, Wares & Merchandise" are limited to tangible items that are offered for sale in marketplace (Amicus brief)

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No ☒XXXXX

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, application?

    Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐  No ☐

    (2) Second petition:  Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Trial counsel failed to argue that confidential trading systems cannot, as a matter of law, qualify as products supporting Economic Espionage Act (EEA) jurisdiction.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

Prior to the trial, Aleynikov (in United States v. Aleynikov) argued that confidential trading systems were not a product produced for or placed in interstate commerce and therefore cannot, as a matter of law, qualify as products supporting EEA jurisdiction. This theory was the basis for reversing Aleynikov's conviction (on the same day the appeal was argued). Trial counsel failed to raise or preserve this argument at trial even though when this argument happened (well before the trial began) I shared a copy of the same motion with trial counsel which he dismissed as "merely a stone" while he was interested in a "silver bullet". Trial counsel failed to raise any arguments regarding the legal sufficiency of the EEA count due to which the government was able to claim on appeal that the code was "related to" the securities, which was the basis for affirming the conviction. During the trial, sentencing, and the first direct appeal the Government consistently argued that the "computer code" was the product. Then after the issue of opinion in Aleynikov the Government argued (in a supplemental brief) that it had an "an additional, alternate theory" that the product was the "securities traded" and the theft was of the "massive volumes of paper" on which it was printed. Had trial counsel litigated these issues before, there would have been no ambiguity about what theory the government had relied upon or what theory the jury had based its decisions upon.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: IAC Claims not raised on direct appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes G   No G

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes G   No G

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** <u>Trial counsel failed to raise any argument about whether intangible computer code would</u> be the subject of liability under the National Stolen Property Act (NSPA).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

Trial counsel never raised the argument that intangible computer code could not be the subject of liability under NSPA. In the Indictment and during the trial the Government maintained that it was the hugely valuable computer code which was moved from the office in New York to the apartment in New Jersey. Even in the jury charge the District Court instructed the in order to convict the defendant of the NSPA offense, the first thing it needed to find was that he "transported, transmitted, or transferred across state lines some of Societe Generale's property - specifically, some or all of the computer code used by Societe Generale in its high-frequency trading operation." Trial counsel failed to argue or preserve that intangible code could not be subject to liability under the NSPA. This allowed the Government to argue on appeal that it was actually the stolen sheets of paper which were the subject of the offense, even though that was contrary to what is in the jury charge.

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes G   No ☒XXXXX

   (2) If you did not raise this issue in your direct appeal, explain why: IAC Claims not raised on direct appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes G    No ☒XXXXX

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes G    No G

(4) Did you appeal from the denial of your motion, petition, or application?

Yes G    No G

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes G    No G

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

**GROUND THREE:** Trial counsel failed to object to, or even recognize, numerous errors in the jury charge.  (I) Knowledge as an Element of §1832(a)(2) (II) Jury charge regarding Goods, Wares or Merchandize and (III) No instruction given regarding the valuation of the stolen property.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

(I) Knowledge as an Element of §1832(a)(2):    §1832(a)(2) requires that someone "knowingly... without authorization" commit one of the specified acts. But the jury was instructed it merely needed to find Agrawal "copied and/or removed the computer code from the offices of Societe Generale without authorization from Societe Generale," and that "without authorization" means that Societe Generale did not approve the removal of the computer code by the defendant for his intended purpose." The jury was never instructed that Agrawal had to also know that he was authorization.

(II) Jury charge regarding Goods, Wares or Merchandize  §2314 requires that jury find that computer code was "goods, wares, or merchandise" that was stolen and transported in commerce. The standard jury instruction on this element, which was not given in this case, clearly describes the jury's task, stating: "The first thing you must determine is whether the property described in the indictment constitutes goods, wares or merchandise. "Goods, wares or merchandise" means personal property which has some sort of tangible existence and which is ordinarily a subject of commerce." L. Sand, 3 Modern Federal Jury Instructions (Criminal), Instruction 54-23. But at my trial, the district court instructed the jury that in order to convict Agrawal of the NSPA offense, the first thing it needed to find was that he "transported, transmitted, or transferred across state lines some of Société Générale's property – all of the computer code used by Société Générale in its high-frequency trading operation." So basically trial counsel never objected to the fact that this was a direct verdict on an element of the offense. On appeal, the Government conceded the error and claimed merely that it was not "plain error". Not only this, trial counsel did not even object to the fact that the Court directed a verdict that intangible source code were "goods, wares or merchandise" under the NSPA which is a theory that has been rejected in Aleynikov.

(III) No instruction given regarding the valuation of the stolen property.   §2314 requires it to be proven that the code had a value of $ 5000 or more. The statute in itself does not specify any means of valuation of property. "juries do not have unfettered discretion to value the stolen property in any fashion they wis L. Sand, 3 Modern Federal Jury Instructions But the District Court instructed the jury to simply find beyond a reasonable do that stolen property was valued at $5000 or more.

(b) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐    No ☒XXXXX

   (2) If you did not raise this issue in your direct appeal, explain why: __IAC Claims not raised on direct appeal__

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐    No ☒XXXXX

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:_____

   Name and location of the court where the motion or petition was filed:_____

   Docket or case number (if you know):_____

   Date of the court's decision:_____

   Result (attach a copy of the court's opinion or order, if available):_____

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐    No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:_____

   Docket or case number (if you know):_____

   Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

**GROUND FOUR:** Trial counsel gave bad legal advice to pursue trial based on his faulty defense theory that liability was limited to the allegations in the "to wit" clause of the indictment, a theory which this Court rejected as -- "an absurdity".

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

Few days before trial, trial counsel suggested that he "finally had an epiphany" that the Government "made a huge mistake" in the indictment by limiting the to-wit clause to the act of printing and removing the code from the bank's building. According to him, defense's liability was limited to the to-wit clause and thereby to the actions and timings mentioned only in point number 19 and 21 of the indictment. Based on this theory counsel suggested me to take the stand and testify. During my testimony this Court rejected the defense's theory (discussed during a side-bar conversation between the Court and the trial counsel), calling it -- "an absurdity". It was also reflected in the changed jury instructions that the Court prepared during a short break. Even after knowing the Court's opinion trial counsel continued with the same theory of defense and with my testimony hoping that "he can change the Judge's mind during the course of rest of the trial". Trial counsel's "strategic decision to challenge nothing about the case except the Government's ability to prove Agrawal's culpability at the precise time he copied and removed the computer code printouts" (quoting the Second Circuit's decision) as simply unreasonable and amounted to presenting no defense at all to the complex charges in this case. Contrary to objecting to the jury instructions trial counsel, due to his deficient comprehension of the law, had me take the stand, testify, and admit the elements of the offense, as they were understood at the time.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒XXXXX

(2) If you did not raise this issue in your direct appeal, explain why: IAC Claims not raised on direct appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒XXXXX

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

  No ineffective assistance of counsel claims were raised in my direct appeal

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: __Sabrina Shroff,__
Federal Defenders Office, 52 Duane Street, 10th Floor, New York, NY 10007

(c) At trial: __Ivan S. Fisher__
Attorney, 251 E. 61st Street, New York, NY 10021

(d) At sentencing: __Ivan S. Fisher__
Attorney, 251 E. 61st Street, New York, NY 10021

(e) On appeal: __Marshall A. Mintz, Esq.__
Mintz & Oppenheim LLP, 260 Madison Avenue, 18 Floor, New York, NY 10016

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐   No ☐

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

NOT APPLICABLE

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _____
Vacate the convictions and grant me new trial with effective counsel

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year). N.A.

Executed (signed) on ___March 04, 2015___ (date).

*Samarth Agrawal*
03/04/15
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

SAMARTH AGRAWAL
II-C-60, NEHRU NAGAR
GHAZIABAD
UTTAR PRADESH (201001)
INDIA
Email: samarth.agrawal@gmail.com
Phone: +91 - (981) 841 1866

15CV1724

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X
:
UNITED STATES OF AMERICA : Motion under 28 U.S.C. § 2255
:
- v. - :
: Docket No. 10 Cr. 417 (JSR)
SAMARTH AGRAWAL :
:
------------------------------------------------- X

The Honorable Jed S Rakoff                                  March 4, 2015
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: United States v. Agrawal, 10 Cr. 417 (JSR)

Respected Judge Rakoff:

  I am filing, pro se, this motion to vacate the conviction and grant me a new trial under § 2255 because of ineffective assistance of counsel before and during trial. I have been released from federal custody in 2012 and am writing this letter from New Delhi, India. Therefore I am not sure whether or not I am considered "in custody" for the purposes of this motion. Hence I seek a *writ of error coram nobis* from this Court.

  Respectfully submitted (i.e. mailed out from New Delhi for express delivery in New York) on March 4, 2015.

                Sincerely,
                Samarth Agrawal 03/04/15
                II-C-60, Nehru Nagar,
                Ghaziabad,
                Uttar Pradesh 201001, India
                (Email: samarth.agrawal@gmail.com)
                (Phone No. +91 – (981) 841 1866

RECEIVED SDNY PRO SE OFFICE 2015 MAR -6 P 2:47

1



To,

United States District Court
of the Southern District of New York

Pro Se Intake Unit,
Clerk of Court (Ruby J. Krajick)
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 200
New York, New York, 10007
U.S.A.

Phone #: (212) 805-0136 Ext. 0175

From:
Samarth Agrawal
II-C-60, Nehru Nagar,
Ghaziabad, Uttar Pradesh, 201001,
INDIA



